# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ) | |
| ANTOINE TOLLIVER, #K-61235 ) | |
| ) | |
| Petitioner, ) | Case No. 00 C 7534 |
| v. ) | |
| ) | |
| JAMES SCHOMIG, ) | Judge Joan B. Gottschall |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

On August 29, 2005, this court granted petitioner Antoine Tolliver's petition for a writ of habeas corpus under 28 U.S.C. § 2254, concluding that he was denied his constitutional right of confrontation when the state trial court failed to permit his counsel to cross-examine the State's only eyewitness regarding the witness' immigration status. On appeal, the Seventh Circuit reversed and remanded the case so that this court could rule on petitioner's remaining issues. For the reasons explained below, Tolliver's petition is denied.

### BACKGROUND

Following a mistrial in the circuit court of Cook County, Illinois, petitioner Antoine Tolliver was re-tried and convicted of the first-degree murder of Selwyn Phillips and attempted first-degree murder of Keywan Tolliver (no relation to petitioner) at the L-Town Food and Liquor Store in Chicago, Illinois on December 22, 1995. Tolliver was ultimately sentenced to consecutive terms of forty years and six years incarceration. Tolliver appealed his conviction and sentence to the Illinois Appellate Court, First District. Tolliver argued that he was denied his Sixth Amendment right of confrontation and a fair trial because he was not permitted to cross-examine the sole eyewitness about his immigration status. He also alleged the denial of a fair trial based on the

prosecution's comments during closing argument. Finally, he claimed that his counsel was ineffective when he failed to request that the trial court question jurors about an overheard remark made by one of the defense witnesses. The Appellate Court affirmed the conviction and sentence on December 30, 1999. Tolliver sought leave to appeal to the Illinois Supreme Court on February 2, 2000, raising issues identical to those in his direct appeal. The Illinois Supreme Court denied leave to appeal on April 5, 2000.

With the confrontation issue already decided, Tolliver has four remaining issues in his habeas petition: (1) he was denied effective assistance of trial counsel due to counsel's failure to seek a mistrial or have the trial court question the jurors regarding misconduct; (2) he was denied effective assistance of trial counsel due to counsel's failure to call available witnesses; (3) he was denied effective assistance of trial counsel due to counsel's failure to properly present a motion to suppress Tolliver's statement; and (4) he was denied effective assistance of trial counsel due to counsel's failure to move to exclude evidence of Tolliver's gang affiliation.

## ANALYSIS

### I.   Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 529 U.S. 362, 367 (2000). A state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court

2

precedent and arrives at a result opposite to ours." *Williams*, 529 U.S. at 404. To demonstrate an "unreasonable application" of clearly established federal law, a habeas petitioner must establish that the state court unreasonably applied the controlling legal rule to the facts of the case. *Id.* at 407. The state court's application of Supreme Court precedent must be more than incorrect or erroneous. Rather, it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002) (state court decision must lie "well outside the boundaries of permissible differences of opinion").

Before a federal court will consider a habeas corpus petition, a petitioner must satisfy several procedural requirements. First, a petitioner must exhaust state remedies – that is, the petitioner must give the state's highest court an opportunity to address each claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). To satisfy this requirement, a petitioner must fairly present to the state judiciary both the operative facts and legal principles that control each claim. *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001). A petitioner's failure to fairly present each habeas claim to the state's highest court in the time and manner required leads to a default of the claim, thus barring the federal court from reviewing the claim's merits. *Boerckel*, 526 U.S. at 848. A federal court, however, may excuse a procedural default if a petitioner can show either cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## II. Habeas Claims

### A. Procedurally Defaulted Claims

Respondent argues that several of Tolliver's claims are procedurally defaulted because they

were not raised in any state court. To avoid a holding of procedural default for each of his claims, Tolliver must have presented "each claim fully and fairly to the state courts." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999) (citing *Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992)). Fair presentment requires Tolliver to "give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* In this case, respondent argues that the following arguments are defaulted: (1) ineffective assistance of trial counsel due to counsel's failure to call certain alibi witnesses; (2) ineffective assistance of trial counsel for failure to properly present a motion to suppress; (3) ineffective assistance of trial counsel for failure to move to exclude evidence of petitioner's gang affiliation; (4) right to an impartial and fair jury trial where the court failed to declare a mistrial or question jurors about an improper communication. Tolliver concedes that these bases were not raised in any state court proceeding. Because Tolliver makes no attempt to argue that any of the exceptions for procedural default apply here, these procedurally defaulted claims fail.[1]

### B. Ineffective Assistance of Counsel

Petitioner contends that he was denied effective assistance of counsel at trial because his attorney failed to request that the trial court question the jurors regarding their consideration of a witness' statement allegedly made just outside the courtroom, and also failed to request a mistrial. After eight hours of deliberations (and after twice indicating to the judge that they were deadlocked),

---

[1] In his supplemental brief to this court after the Seventh Circuit's remand, Tolliver appears to assert two brand new claims; namely, that his trial counsel was ineffective for failing to question Younes, the eyewitness, outside the presence of the jury, and also that the "cumulative effects" of his trial counsel's errors require that the petition be granted. The court will not allow these new claims to be added at such a late date. And, even if the court were to consider it, both are procedurally defaulted as neither were raised in any state court, and petitioner has not argued that any exceptions apply.

the jurors sent a note to the judge stating: "Your Honor, two of the jurors overheard Gabriel Garcia make a comment to the effect 'it's the least I can do for Antoine' to two people in the audience box. Please advise how to handle." Petitioner's first name is "Antoine" and Gabriel Garcia testified on Tolliver's behalf as an alibi witness. At trial, Garcia testified that Tolliver was with him at Garcia's neighbor's house at the time of the crimes. After receiving the jury's note, defense counsel did not ask that the court question the jurors to see whether this improper communication affected their ability to be fair and impartial. Nor did he request a mistrial. Rather, the court instructed the jurors that they were only to consider the "evidence introduced during the trial. You are not to concern yourselves with comments or conduct that was not introduced as evidence during the trial." About 25 minutes after receiving this instruction, the jurors returned with a verdict of guilty against Tolliver.[2]

In evaluating Tolliver's claim, the Illinois Appellate Court correctly relied upon *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Tolliver must establish both deficient attorney performance and prejudice. *Strickland*, 466 U.S. at 687. To satisfy the *Strickland* prejudice element, Tolliver must demonstrate that it is reasonably likely that, but for his counsel's errors, the decision reached would have been different. *Id.* at 696.

---

[2] Following the trial, Tolliver's counsel moved for a new trial arguing that the court erred when it failed to declare a mistrial despite the potential jury taint. The defense argued that Garcia's alleged statement suggested that he fabricated his testimony to help Tolliver. Perhaps suggesting that the two jurors lied about hearing Garcia's alleged comment, defense counsel argued that it was unlikely that the jurors could have heard Garcia make such a comment because the gallery was physically separated from the jury box. Tolliver's father testified at the hearing that: (1) he was sitting with Garcia the entire time Garcia was present in the courtroom (except when Garcia took the stand); (2) Garcia never made such a statement; and (3) the jurors never passed through the area where he and Garcia were sitting. The court denied Tolliver's motion for a new trial.

Proceeding directly to the prejudice prong, the Illinois Appellate Court found that Tolliver's ineffective assistance claim failed because, even assuming his attorney's performance was deficient, Tolliver was not prejudiced by it. The court relied heavily on the fact that the trial judge, upon receiving the jury's note, advised the jurors to focus only upon the evidence presented at trial in making their determination as to defendant's guilt or innocence and to disregard anything which was not introduced into evidence. The Illinois Appellate Court, relying on the "strong presumption" that jurors follow the instructions of the court, *People v. Taylor*, 166 Ill. 2d 414, 438 (1995), concluded that Tolliver failed to demonstrate that the jury did not follow the court's instructions. In addition, the court found that the cases cited by Tolliver, in which courts erred by refusing to question jurors or refusing to declare a mistrial, were distinguishable from the facts in this case.

In the context of a federal habeas petition governed by AEDPA, the petitioner must do more than merely convince the federal court that the state court applied *Strickland* incorrectly, but must demonstrate that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone,* 535 U.S. 685, 699 (2002) (internal citations omitted). In other words, it is not appropriate for this court to simply re-do the *Strickland* analysis and decide whether, had counsel requested a mistrial (or requested that the jurors be questioned), the outcome of the proceeding would have been different. Instead, the court must decide whether the Illinois Appellate Court's determination that Tolliver was not prejudiced by his counsel's errors was so unreasonable, as to be "objectively unreasonable." That is, this court can only rule in Tolliver's favor on this claim if the state court's decision lies "well outside the boundaries of permissible differences of opinion." *Hardaway*, 302 F.3d at 762.

Here, the court cannot conclude that the Illinois Appellate Court's *Strickland* analysis was

objectively unreasonable.  Assuming, as the Illinois Appellate Court did, that trial counsel was deficient for failing to request a mistrial and/or failing to question the jurors, the question is whether Tolliver was prejudiced by his trial counsel's failures.  The Illinois Appellate Court concluded that he was not, and this court cannot say that result was "objectively unreasonable."  Clearly, the trial judge concluded that the instruction was sufficient to guard against any possible jury taint.  Keeping in mind that, according to Illinois law, jurors are presumed to follow instructions, and especially in light of the fact that Tolliver did not present any evidence to the state court of actual taint (such as through juror affidavits), the court concludes that Tolliver has not shown that he was prejudiced by his counsel's failure to request a mistrial and/or failure to question the jurors.  In the end, the Illinois Appellate Court's conclusion was "minimally consistent with facts and circumstances of the case." *Searcy*, 332 F.3d at 1089.  In light of this, Tolliver's ineffective assistance of counsel claim fails.

### III. Conclusion

For the foregoing reasons, Tolliver's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

Enter: _____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

Date: November 26, 2007